IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR R.M., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*, <br><br> Respondents. | Civil No. 1:26-cv-03853-MWJS <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS <br><br> A# 246-445-824 |

## **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Edgar R.M.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. No. 1, and an application for temporary restraining order, Dkt. No. 3.

He entered the United States without inspection on or around February 27, 2023, after which he was shortly encountered by immigration authorities. Dkt. No. 1, at pgs. 2, 5. The government initiated removal proceedings. *Id.* But the government did not seek to detain Petitioner while those proceedings were underway: on March 2, 2023, Petitioner was released from custody on his own recognizance. *Id.* at pg. 5. The

---

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

authorities' judgment that Petitioner was properly released (that is, that he was neither a flight risk nor a danger to the community) proved well-founded: there is no suggestion in the record that Petitioner ever violated any of the conditions of his release.

Indeed, Petitioner was attempting to continue his compliance with release conditions when, on April 29, 2026, he was arrested and detained by immigration authorities while appearing for a routine ICE check-in in Dallas, Texas. *Id*. at pg. 6. At the time of his arrest, Petitioner was provided no notice or process, nor did Respondents identify any violation of release conditions, or changed circumstances that would justify his sudden re-detention. Following arrest, Petitioner was initially detained at a facility in Anson, Texas, before being transferred to the Golden State Annex in McFarland, California, where he is currently detained. *Id*. at pg. 6.

Petitioner now invokes this court's habeas jurisdiction. In Count One of his petition, he contends that his arrest and detention, without any pre-deprivation process, violate his constitutional due process rights. *Id*. at pgs. 9-10. Many district judges, both in this district and others, have granted relief in cases analogous to this one. *See, e.g.*, *A.J.S.M.P. v. Mullin*, No. 1:26-cv-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026); *Abdoulaye D. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-03015-MWJS, 2026 WL 1103597 (E.D. Cal. Apr. 23, 2026); *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:25-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026); *Garcia Mariagua v.*

*Chestnut*, No. 1:25-cv-01744, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *see also Robles-Rodriguez v. Lyons*, No. 1:25-cv-02001, 2026 WL 303482 (E.D. Cal. Feb. 4, 2026). The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "factual or legal issues in this case that render it distinguishable from prior orders such as the ones listed above." Dkt. No. 6. The court appreciates Respondents' timely and candid opposition. Dkt. No. 8. Although Respondents maintain that Petitioner's detention is lawful, they agree that the factual and legal issues in this case are not substantively distinguishable from those in the precedents cited above. Dkt. No. 8.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to Count One, for the reasons stated in those prior orders. Because it is unnecessary to resolve Count Two of the petition, the court declines to do so.

Respondents are ORDERED to immediately release Petitioner Edgar R.M. (A# 246-445-824) from their custody. Respondents shall not impose any additional

restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

Given the foregoing, the court DENIES AS MOOT the application for a temporary restraining order, Dkt. No. 3.  The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  May 28, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-03853-MWJS; *Edgar R.M. v. Golden State Annex Warden et al*; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS